Mr. Justice Cox
delivered the opinion of the court.
This is an action brought to recover damages alleged to have been suffered by the plaintiff in his house and adjacent premises, in consequence of the accumulation of water in front of his premises caused by the insufficiency of the drain pipe or sewer provided by the authorities of the District for relieving that difficulty. The declaration sets out “ that the plaintiff was and is the owner of lot 5, square 809, fronting on 12th street, between Q and R streets northwest, in Washington, and was and is a dealer in groceries in the building thereon, and prior to the injuries alleged, his business was very profitable by reason of the large number of his customers, and was worth $600 per annum.
That defendant caused the grade of ,Q street at its intersection with 12th street to be raised above the level of 12th street and of plaintiff’s lot, whereby all water draining upon 12th street above Q street, which, by reason of the said raising of the grade of Q street, could find no outlet, formed large ponds in front of plaintiff’s house ; whereupon defenddant caused a sewer to be ‘ laid along: the north line of Q street and laid or constructed a certain other pipe, sewer or sewer-trap on the north side of.. Q street at its intersection with the east side of 12th street and. emptying into /the .sewer, first mentioned, which said pipe, etc., f wa§ designed *286 by the defendant for the purpose of draining 12th street in front of plaintiff’s property; yet plaintiff says that the defendant * * * negligently and unskilfully constructed or caused to be constructed said pipe, lateral sewer or sewer-trap of such insufficient size and imperfect construction that the water on 12th street could not be carried off, and on or about January 15, 1876, and at a great many times since then, the water which collected on 12th street between Q and R streets, ‘could not, by reason of the negligent and unskilful construction of the said sewer-trap or lateral sewer, be carried off or drained into the said sewer, but on account of said deficient pipe was forced back and formed into large stagnant and ill-smelling pools or ponds in front of plaintiff’s said store, thereby preventing convenient and dry access to the said store for plaintiff’s customers,’ causing his business to become utterly valueless and unprofitable by means of his diminished sales, and to the great inconvenience of plaintiff in his use, occupation and comfortable enjoyment of his said premises, to his damage, $1,500.”
The defendant pleaded “ not guilty,” and issue was joined.
The gravamen of the complaint, it will be seen, is, that the pipe was negligently and unskilfully constructed, or caused to be constructed of insufficient size, so that the water which collected could not, by reason thereof, be carried off or drained, and because of this insufficiency of the pipe, was forced back and remained in stagnant pools, &c. We have repeatedly held that a municipal corporation is not liable for the consequences of a mere error of judgment in the plan or design of its public works, but that it is incumbent on the plaintiff, who complains of injury, to show negligence in the choice of its agents or instrumentalities before a liability can be fixed upon the municipality for damages accruing to him. In this case there is a general charge of negligence and unskilful construction of pipe. When we come to look at the evidence, however, it seems to fall short of that level. The testimony of the witnesses is, that a six-inch tile pipe was constructed, but that owing *287 to the want of covering or protection it failed to carry off" the water ; that the pipe would have been much less likely to have become choked or stopped if the mouth had been raised four or five inches above the level of the gutter. In other words, the proof establishes nothing more than an error in the construction of this pipe, but it does not bring home to the defendant any delinquency in respect to care and diligence in the choice of means for remedying the evil complained of. All that is said in this-testimony may be true, and yet it may have been a matter of fair difference of opinion whether this pipe was more likely to be choked up with the mouth of it open or-with a grating over it. It may have been a matter of experiment, and the proof shows that after the experiment was made, and complaint made to the defendant’s engineer, the evil complained of was remedied, and the plaintiff" has suffered nothing from it since. It seems, therefore, that the utmost that rá established by this proof, if anything, is a mere error of judgment in the selection of the means by which the evil complained of here was redressed, and in that respect the proof fails to come up to the averments of the declaration.. . '
There is another respect in which there seems to be a variance between the proof and the. declaration. As we have already seen, the declaration first charges upon the defendant the duty of constructing lateral pipes of sufficient size to carry off' the water shed upon the street ; and the averment is that they negligently and unskilfully caused to be laid a pipe of such insufficient size and imperfect construction that the water could not be drained off'. Now, to the contrary of all this, the proof shows explicitly that the pipe was of ample size to carry of the water ; that as soon as the obstruction in the pipe was removed the water flowed off freely, and the plaintiff has-not since suffered any annoyance.
The rule on this subject is, that if sewers and drains are originally of adequate capacity as at first constructed, and subsequently become obstructed, there is no responsibility therefor devolved upon the municipal authorities except *288 after notice and neglect to redress the evil. -In this case -there is a general allegation that after frequent complaints to the defendant the evil • was removed. But it is not proved clearly that any unreasonable delay took place in doing this, or that any injury was suffered by the plaintiff in consequence of such delay. But even if it had appeared in the proof, it is not the case made in the declaration. The real cause of the trouble in this case seems to have been an omission to provide some means of preventing the pipe from choking up. Now, if that Is alleged in the declaration at all, it is in the general allegation of unskilfulness and negligence in the construction of the pipe. But, as we have already shown, the evidence on this subject proves nothing in the world but an error of judgment, and does not bring home to the defendant any negligence in anticipating and providing for this evil. If it is not embraced within this general averment of negligence in the construction, then the evil complained of does not appear in the declaration at all, and we think the court below were right in holding that upon the proof a case was not made out such as was averred by the plaintiff'. That was the statement in the instructions of the court below to which exception was taken.
The ruling of the court below, therefore, is affirmed.